UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                CASE NO: 8:03-cr-343-T-30MSS

GERALD WRIGHT
_____/

**ORDER**

Before the Court is Wright's Motion for Reconsideration (Dkt. 230) of the Court's August 6, 2010 endorsed order denying his motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) ("§ 3582 motion") (see Dkt. 229). For the following reasons, the motion will be denied.

In his § 3582 motion, Wright asserted that he was entitled to a reduction of his sentence pursuant to Amendment 711 of the United States Sentencing Guidelines. He asserted that during the sentencing hearing, this Court made a finding that he was responsible for only 1.5 kilograms or more of cocaine base, and did not make a finding that he was responsible for more than 4.5 kilograms of cocaine base. Thus, he argued, pursuant to Amendment 711, his base offense level would be reduced to 36, and that would reduce his "sentencing exposure drastically." (Dkt. 228 at pg. 6).

On February 13, 2004, Wright appeared for sentencing and the Court imposed a sentence of 360 months imprisonment. The offense conduct revealed that Wright was

responsible for 205.6 kilograms of cocaine base during the course of the conspiracy as described in the offense conduct contained within the presentence report; significantly more than 4.5 kilograms of cocaine base as required for the highest offense level of 38.[1] Although Wright was classified as a career offender, pursuant to USSG §4B1.1, the guideline range in this case was based upon the large amount of cocaine base involved, which exceeded the career offender guidelines.  Neither Amendment 706 or 711 would have the effect of reducing Wright's guideline calculations.[2] Therefore, a reduction in Wright's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2). *See United States v. Jones*, 548 F.3d 1366 (11th Cir. 2008).

Moreover, even if, as Wright contends, the amendments were to reduce Wright's base offense level to 36 because the Court only found that he was responsible for more than 1.5 kilograms of cocaine base,[3] Wright still would not be entitled to a reduction of his sentence.

---

[1] Under the current system, the base offense level for more than 4.5 kilograms of cocaine base is 38, just as it was when Wright was originally sentenced. See U.S.S.G. § 2D1.1(c).

[2] The United States Sentencing Commission promulgated Amendment 706 lowering the base offense level for cocaine base (crack cocaine) offenses by two levels for eligible defendants sentenced on or after November 1, 2007. The Amendment is applied retroactively to defendants sentenced before November 1, 2007. *United States v. Moore*, 541 F.3d 1323, 1325 (11th Cir. 2008). "Amendment 711 amended how cocaine base and multiple other drugs were to be converted to their marijuana equivalent - See Supplement to Appendix C (November 1, 2004, through November 1, 2007) - Amendment 711. Amendment 706 had directed to first find the base offense level for the other controlled substance involved, then use the table to determine the cocaine base marijuana equivalent. Amendment 711 reversed amendment 706 on this point and said to first find the offense level for the cocaine base involved and convert the cocaine base to its marijuana equivalency. Then, the Court would add in the other controlled substances once they were converted to their marijuana equivalency." *United States v. Burkett*, 2008 U.S. Dist. LEXIS 101466, *4 at n.2 (N.D. Fla. Dec. 3, 2008).

[3] During the sentencing hearing, the Court specifically adopted "the undisputed factual statements and guideline applications as contained in the presentence report, and as to the controverted factual statements and guideline applications, the Court adopts the position the probation office has stated in the addendum." (Dkt. 130 at pg. 13).

At the time of Defendant's sentencing, pursuant to U.S.S.G. § 2D1.1 (c), an offense involving 1.5 kilograms or more of cocaine base resulted in a base offense level of 38. After a two level upward adjustment for possession of a dangerous weapon, Wright's adjusted offense level became 40. Based on a criminal history category VI, Wright's sentencing guideline range was therefore 360 months to life imprisonment (Dkt. 130 at pg. 13).  Defendant was sentenced to 360 months imprisonment (Id. at pg. 16).

As to crack cocaine offenses, Amendment 706 provides for a two level adjustment to a defendant's base offense level. The procedure for implementing the amendment is established in § 1B1.10(b), which instructs that the district court "shall" determine the "amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time of sentencing." The first step, therefore, in determining Wright's eligibility for the two level adjustment is to determine what effect Amendment 706 would have on his sentencing guideline range, if it had been in effect at the time of his sentencing.

Amendment 706, even if it had been in effect the time of Wright's sentencing, would not have lowered his applicable sentencing guideline range. Applying a two level adjustment to Wright's base offense level pursuant to Amendment 706 results in a base offense level of 36. After the two level adjustment for possession of a weapon, the resulting adjusted offense level is 38. Based on a criminal history category VI, Wright's amended guideline range remains unchanged, 360 months to life imprisonment. Accordingly, § 3582(c) does not

authorize a reduction in his sentence. U.S.S.G. § 1B1.10(a)(2)(B).[4]

Where, application of Amendment 706 reduces a defendant's base offense level but does not alter the sentencing guideline range on which his sentence was based, §3582(c)(2) does not authorize a reduction in sentence. *United States v. James*, 548 F.3d 983 (11th Cir. 2008).

Accordingly, the Court **ORDERS** that Wright's Motion for Reconsideration (Dkt. 230) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 4, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to:
Gerald Wright, *pro se*
Counsel of Record

---

[4] "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection © does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).