UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.   CASE NO. 8:03-CR-0343-T-30EAJ

**GERALD WRIGHT**

_____/

REPORT AND RECOMMENDATION

Before the court is Defendant's **Motion for Leave to Appeal In Forma Pauperis** (Dkt. 237).[1] On August 2, 2010, Defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and "Amendment 711 (invoking 706)" to the United States Sentencing Guidelines (Dkt. 228). The District Judge denied that motion, noting that the court had previously denied a reduction (Dkt. 229). Defendant moved for reconsideration (Dkt. 230), but the District Judge denied that motion as well on October 4, 2010 (Dkt. 231).

On November 17, 2010, Defendant moved the court to direct the Clerk to mail Defendant a copy of the order denying reconsideration, stating he was never served with the order and would move for permission to file an appeal out of time upon receiving a copy of it (Dkt. 232). The next day, noting that the docket reflected that a copy of the order had been mailed to Defendant on October 5, 2010, the District Judge granted the motion and directed the Clerk to mail Defendant another copy (Dkt. 233). On December 1, 2010, Defendant filed a notice of appeal as to the order denying his motion for a sentence reduction and/or the order denying his motion for reconsideration, reasserting his entitlement to a belated appeal because he did not receive a copy of the order denying reconsideration until the second copy was mailed (Dkt. 235).

---

[1] Although Defendant has not actually filed a motion, Defendant's affidavit of indigency is construed as a motion for leave to appeal in forma pauperis.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of an appeal without prepayment of fees by a person who submits an affidavit demonstrating an inability to pay such fees. However, "the court shall dismiss [a] case at any time if the court determines that ... the action or appeal ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

Defendant had fourteen days to file a notice of appeal once his motion for reconsideration was denied on October 4, 2010. See Fed. R. App. P. 4(b)(1)(A)(i); see also United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992). Nonetheless, his notice of appeal was filed on December 1, 2010, fifty-eight days later. Although Defendant maintains that he did not receive the first copy of the order, "the clerk's failure to give notice does not affect the time to appeal, or relieve - or authorize the court to relieve - a party's failure to appeal within the allowed time" except as provided in Fed. R. App. P. 4(b). Fed. R. Crim. P. 49(c). Even assuming Defendant showed excusable neglect or good cause, this court could extend the deadline for Defendant's notice of appeal no more than thirty days. See Fed. R. App. P. 4(b)(4). Because Defendant's notice of appeal was filed more than thirty days after Rule 4(b)'s fourteen-day deadline, the untimeliness of his appeal cannot be excused. See United States v. Millsap, 304 F. App'x 832, 834 (11th Cir. 2009) (per curiam) (unpublished). Thus, Defendant's appeal should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Defendant's Motion for Leave to Appeal In Forma Pauperis (Dkt. 237) be **DENIED.**

**Date: March 11, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
Pro Se Defendant
District Judge